**Victoria ZWERIN, Plaintiff,**

v.

**533 SHORT NORTH LLC, et al., Defendants.**

Case No. 2:10–cv–488.

United States District Court, S.D. Ohio, Eastern Division.

Signed April 25, 2014.

Andrew Biller, The Law Firm of Andrew Biller, Columbus, OH, Andrew R. Frisch, Morgan and Morgan, PA, Plantation, FL, for Plaintiff.

James Patrick Connors, Columbus, OH, for Defendants.

### OPINION AND ORDER

EDMUND A. SARGUS, JR., District Judge.

This matter is before the Court on the defendants' Motion to Supplement/Modify the Record on Appeal. (ECF No. 128.) For the reasons that follow, the Court **DENIES** the defendants' motion.

### I.

This Court's docket indicates that in the instant action on May 25, 2012, at Docket Entry numbered 77, the following was filed: "Unopposed MOTION for Settlement by Plaintiff Victoria Zwerin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D–Proposed Order)."

That same day, the plaintiff filed a Notice of Striking Docket Entry 77, in which she requested that "Docket Entry # 77 ... be stricken from the record...." (ECF No. 78.)

This Court's docket also shows that on May 25, 2012, at Docket Entry numbered 79, the following was filed: "Unopposed MOTION for Settlement by Plaintiff Victoria Zwerin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D–Proposed Order)."

In their Motion to Supplement/Modify the Record on Appeal, the defendants explain that they "requested that the plaintiffs withdraw the filing of these documents [Docket Entries 77 and] since they included the Confidential Settlement Agreement as an exhibit along with other confidential information in both the motion and other exhibits." (Defs' Mot. at 1; ECF No. 128.)

This Court's docket reflects that on May 29, 2012, the Clerk of this Court modified the Docket Entries at numbers 77 and 79, leaving the entries as follows:

| 05/25/2012 | 77 | * *DOCUMENT STRICKEN AND REMOVED FROM THE DOCKET PER TPK AS IT CONTAINED CONFIDENTIAL INFORMATION* * Unopposed MOTION for Settlement by Plaintiff Victoria Zwerin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D–Proposed Order) (Frisch, Andrew) Modified on 5/29/2012 (kk2). (Entered: 05/25/2012) |

| 05/25/2012 | 79 | * *DOCUMENT STRICKEN AND REMOVED FROM THE DOCKET PER TPK AS IT CONTAINED CONFIDENTIAL INFORMATION* * Unopposed MOTION for Settlement by Plaintiff Victoria Zwerin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Frisch, Andrew) Modified on 5/29/2012 (kk2). (Entered: 05/25/2012) |

(ECF Nos. 77, 79) (emphasis in original). "TPK" refers to Magistrate Judge Terence P. Kemp, who is one of the judicial officers assigned to this case.

On May 30, 2012, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement and to Provide the Court with Settlement Terms *In Camera.* (ECF No. 80.) On June 7, 2012, the Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement and to Provide the Court with Settlement Terms *In Camera.* (ECF No. 82.) The parties then

submitted the Settlement Agreement to the Court for consideration.

On August 24, 2012, the plaintiffs filed their Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement and Approval of Attorneys' Fees and Costs. (ECF No. 86.) On August 31, the Court held a fairness hearing on the class action settlement. All parties were represented and no objections were entered by counsel nor by any other person. Upon consideration of all information presented to it on brief and in the oral hearing, as well as review of the Settlement Agreement that had been submitted by the parties for *in camera* review, the Court granted the plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement and Approval of Attorneys' Fees and Costs. (ECF No. 90.) The Court at that same time entered on its docket under seal the Settlement Agreement that it had considered *in camera*. (ECF No. 89.)

On September 12, 2012, the defendants filed a Motion to Dismiss, in which they argued that this case should be dismissed based upon the plaintiff's counsel's alleged breach of "the parties' confidentiality agreements, and an executed written Confidential Settlement Agreement (previously provided *in camera* to the court)." (ECF No. 91.) The plaintiff filed a Motion to Enforce the Settlement Agreement and for Sanctions. (ECF No. 93.) This Court denied the defendants' Motion to Dismiss and granted in part and denied in part the plaintiff's Motion to Enforce the Settlement Agreement and for Sanctions. (ECF No. 100.) The defendants appealed this decision and the plaintiffs moved to dismiss the appeal for lack of jurisdiction. The United States Court of Appeals for the Sixth Circuit denied the plaintiff's motion to dismiss, holding that the defendants' post-judgment motion to dismiss was "properly treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)[,]" which "is appealable." (ECF No. 117 at 2.)

Subsequently, the plaintiff filed a Second Motion to Enforce the Settlement Agreement (ECF No. 103), which this Court granted (ECF No. 106), and a Third Motion to Enforce the Settlement Agreement (ECF No. 107), which this Court also granted (ECF No. 112). The defendants appealed this Court's decisions. The Sixth Circuit dismissed as untimely the defendants' appeal of this Court's decision on their Motion to Dismiss/for Relief from Judgment (ECF No. 100), and on its decision on the plaintiff's Motion to Enforce the Settlement Agreement and for Sanctions (ECF No. 106). The Sixth Circuit found that this Court's decision granting the plaintiff's Third Motion to Enforce the Settlement Agreement was timely and appropriately before the appellate court.

On March 26, 2014, the defendants filed a Motion to Supplement/Modify the Record on Appeal. (ECF No. 128.) The plaintiff filed a memorandum in opposition to the defendants' motion (ECF No. 129), and the defendants filed a reply in support of their motion (ECF No. 130). The defendants' motion is now ripe for review.

## II.

The defendants have moved pursuant to Federal Rule of Appellate Procedure 10(e), "for an order modifying and supplementing the record with case document entries (DE 77, 77–1–4) which the defendants only recently learned were apparently stricken from the record and not placed under seal or kept in the record after being stricken." (ECF No. 128.)

"Normally, the record on appeal consists of 'the original papers and exhibits filed in the district court,' 'the transcript of proceedings, if any' and 'a certified copy of the docket entries prepared by the district clerk.'" Fed. R.App. P. 10(a). "However, 'if anything material to either party is omitted from or misstated in the record by error or accident,' the rule allows 'the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded.'" *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir.2003) (quoting Fed. R.App. P. 10(e)(2)). "Rule 10(e) allows correction of the record either by agreement of the parties, by order of the district court, or by order of the court of appeals." *Id.* (citing Fed. R.App. P. 10(e)(2)). It "is clear from the rule's wording, '[t]he purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" *Id.* (quoting *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir.1982)). "'In general, the appellate court should have before it the record and facts considered by the District Court.'" *Id.* (quoting *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir.1997)).

### III.

In their Motion to Supplement/Modify the Record on Appeal, the defendants submit:

On May 25, 2012, the plaintiffs filed a motion for preliminary approval of a settlement agreement which was designated as Document Entry 77 on the court record. The filing also included four exhibits being Document Entries 77–1 to 77–4. Upon learning about the filing of these documents, the defendants requested that the plaintiffs withdraw the filing of these documents since they included the Confidential Settlement Agreement as an exhibit along with other confidential information in both the motion and other exhibits.

The documents were later stricken but, unbeknownst to the defendants, these documents were not maintained under seal as part of this court record, but were apparently stricken and removed from the record altogether. These documents are necessary to the pending appeal in the Sixth Circuit Court of Appeals in Case No. 12–4452, thus the defendants respectfully request that this court add those documents back into the record, under seal, and then transmit them under seal to the Sixth Circuit Court of Appeals in Case No. 12–4452.

*Id.* at 1–2.

The plaintiff argues that the defendants' motion should be denied, because: "(1) they fail to satisfy their heavy burden on their Motion; (2) there is no authority permitting the relief requested by Defendants; and (3) Defendants themselves have repeatedly argued that this Court below did not consider the materials that are the subject of their Motion to Supplement." (ECF No. 129 at 1.) In their reply, however, the defendants maintain:

The fact of the matter is and remains that these documents were before the district court on its docket as it concerned the very motions which are now the subject of the appeal. Appellants were not aware that the documents had been stricken and thereby put into cyberspace.

When the appellees filed the written agreement and continued to disclose key confidential settlement terms for a second time on September 27, 2012 (RE 94 and 94–1) in retaliation for appellants' filing a motion to dismiss (RE 91), the district court *sua sponte* directed that the filing be stricken and placed under

seal. It was reasonable under the circumstances to expect that the first filing had been similarly placed under seal. In any event, it was indeed at the request of appellants that the Document Entry 77 be stricken, but they had reasonable expectations that it would be preserved under seal in the district court record. Apparently it was not. All the appellants seek now is to supplement the record with RE 77 and 77–1–4 under seal which both sides have in their possession.

(ECF No. 130 at 1–2.) The defendants conclude that applying the law related to Federal Rule of Appellate Procedure 10(e) to these facts requires supplementation of the record:

> [T]he 6th (sic) Circuit Court of Appeals has held that the term "error or accident" should be broadly interpreted to include any part of the record which is proper. So long as the record is being supplemented with items which are undisputedly part of the record, as is the case here, the record should be supplemented.

*Id.* at 2 (citing *S & E Shipping Corp.,* 678 F.2d at 641 ("We have not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record.")).

█ The Court finds the defendants' request to supplement or modify the record is not well taken for several reasons. First, the documents the defendants seek to add are not undisputedly part of the record, as the defendants contend. Indeed, this Court did not consider those documents, nor does it have any independent knowledge of the contents of those documents other than they contained confidential information. As set forth *supra,* the record reflects two docket entries that indicate there was an unopposed motion filed by the plaintiff that had attached to it four exhibits. One of those exhibits is identified as a "proposed order," but the others are unidentified. The Docket Entries indicate that Magistrate Judge Kemp directed the Clerk to strike the entries because they contained confidential information. The docket shows that the entries were stricken. Therefore, even if it were so inclined, this Court simply could not "add these documents back into the record" as the defendants request. Nor is it possible for the Court to certify what the entries contained. *See* Fed. R.App. P. 10(e)(2) ("the omission or misstatement may be corrected and a supplemental record may be certified and forwarded").

Second, the record clearly reflects that the Settlement Agreement the Court considered was the one submitted by the parties for an *in camera* review. The Court indicated on the record at the fairness hearing that it had reviewed the Settlement Agreement and then filed under seal that document, which is part of the record. (ECF No. 89.)

Third, the defendants' assessment of this Court's action regarding the September 27, 2012 filing is inaccurate. That is, this Court never *sua sponte* directed that the September 27, 2012, "filing be stricken and placed under seal" as the defendants claim. Instead, the docket unequivocally reflects that the Court only directed the clerk to place the document under seal. The docket does not reflect that any direction was given to strike the document.

---

09/27/2012 *94* RESPONSE in Opposition re *91* MOTION to Dismiss *and Request for a Hearing* filed by Plaintiff Victoria Zwerin. (Attachments: *# 1* Exhibit 1, *# 2* Exhibit 2, *# 3* Exhibit 3, *# 4* Exhibit 4, *# 5* Exhibit 5) (Frisch, Andrew) Modified on 10/30/2012—**Exhibit 1 sealed by the Clerk's Office per request of Judge Sargus' Chambers.** (pesl). (Entered: 09/27/2012)

(ECF No. 94) (emphasis added). Therefore, the defendants could not have had any reasonable expectation that this Court strikes documents and then preserves them under seal. Nor could the defendants reasonably find from this entry that this Court directed the Clerk to strike the document.

In conclusion, the Court finds that the documents filed at Docket Entries 77 and 79, and then stricken from the docket four days later were not "omitted from or misstated in the record by error or accident." *See* Fed. R.App. P. 10(e)(2). The appellate court has "before it the record and facts considered by" this Court. *See Inland Bulk Transfer Co.*, 332 F.3d at 1012. Accordingly, the Court **DENIES** the defendants' Motion to Supplement/Modify the Record on Appeal. (ECF No. 128.)

**IT IS SO ORDERED.**